## TEXAS AND ST.LOUIS R'Y CO. vs. H. S. MATTHEWS.

SUPREME COURT, TYLER TERM, 1883.

*Railway—Appropriation of Land—Measure of Damages.* The compensation for land appropriated by a railway should be the value of the land appropriated, to be increased or diminished as the remainder of the tract has been injured or benefited by such appropriation, *provided* plaintiff makes no proof of special damages nor lays a basis for such as are exemplary.

Appeal from Bowie County.

Opinion by Willie, C. J.

The only question for decision in this case is, what is the measure of damages in an action brought by the owner of land against a

railroad company for taking possession of a portion of his land without his consent and constructing a railroad through it?

Our statutes in cases where land is condemned under it, provides that the commissioners shall estimate the injuries sustained and the benefits received by the owner as to the remaining portion of the real estate, and the extent of such increased diminuition, and shall assess the damages accordingly. Art. 4196. This is legislative construction as to what amounts to a compensation to the owner for landed property taken for public use. Is he entitled to any more in case the land is appropriated without a resort to the methods provided by statute?

In the latter case the railroad company becomes the trespasser, whereas in the former it proceeds to subject the land to its use in the proper form of law. As in the case of trespass the injured party recovers compensation for his losses, damages for any special injuries or expenses, to which he is subjected, and in a proper case vindictive damages, it would seem proper when there were no special damages, nor a case made for those of a punitory character, the amount to be recovered would be what would compensate the owner for the loss he had sustained in having his property taken from him and appropriated to railroad purposes.

The compensation, as fixed by the statute referred to, should, by analogy, be applied to such a case, and the plaintiff should recover the amount of the value of the land appropriated on the day it was taken, this amount to be increased or diminished accordingly as the remainder of the tract has been injured or benefited by the appropriation of a part of it for the construction of a railroad.

This rule has been heretofore approved by this court in the case of Buffalo Bayou, Brazos and Colorado Railroad Company vs. Ferris (26 Tex. 588), and we see no reason to depart from it.

This is the rule which should determine the amount of the plaintiff's recovery in this case, if he recovers at all, provided he makes no proof of special damages, or lays no basis for such as are exemplary.

In estimating the value of his property no separate account should be taken of the trees cut from the land, but the value of the land taken, with the trees growing on it, should be assessed. They are a part of the reality, and should not be separated from it in arriving at the value of the land. The jury, under the charge of the court, did

thus value the trees separate from the land, which is apparent from their verdict, and hence its finding was excessive and not in accordance with the evidence before it, and so was the judgment, even after the remittitur entered.

The judgment is therefore reversed and the cause remanded for a new trial, in accordance with the law as laid down in this opinion.

Reversed and remanded.